UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Westland Snacks and Fuel, LLC

          Plaintiff,      Case No. 23-10944

v.                           Judith E. Levy
                             United States District Judge

Technology Insurance Company,
Inc.,                         Mag. Judge Elizabeth A. Stafford

          Defendant.

_____/

**OPINION AND ORDER GRANTING APCO OIL COMPANY, INC.'S MOTION TO INTERVENE [7]**

Before the Court is APCO Oil Company's ("APCO") motion to intervene as a plaintiff under Federal Rule of Civil Procedure 24. (ECF No. 7.) For the reasons set forth below, APCO's motion to intervene is GRANTED.

    **I.**    **Background**

This case is about an insurance dispute. On July 25, 2021, a fire occurred at Plaintiff's place of business (29424 Ann Arbor Trail), damaging the property. (ECF No. 1-2, PageID.11.) Plaintiff had an insurance policy with Defendant, which covered the property from loss

due to fire. (*Id.*) Plaintiff Westland Snacks & Fuel LLC is the named insured on the insurance policy. (*Id.* at PageID.15.) Although Plaintiff notified Defendant of the losses, Defendant did not pay. (*Id.*)

The insurance policy specifies who is an insured. (*Id.* at PageID.111.) Further, the insurance policy has a "Businessowner Enhanced Expansion Blanket Endorsement," which amends that section of the insurance policy to "include as an additional insured any person(s) or organization(s) from whom you lease land or premises . . . ." (*Id.* at PageID.52, 71.)

APCO represents that it is "the owner of the real property and appurtenant gas station [] at issue in this matter." (ECF No. 7, PageID.345.) APCO alleges that APCO and Plaintiff entered into a lease agreement for the property. (*Id.*)

Defendant removed this case from Wayne County Circuit Court on April 24, 2023, (ECF No. 1), and filed an answer to the complaint on May 1, 2023. (ECF No. 3.) The parties filed a joint discovery plan on June 5, 2023, (ECF No. 5), and the Court entered a scheduling order on June 8, 2023. (ECF No. 6.) APCO filed its motion to intervene on July 5, 2023. (ECF No. 7.)

There are related state court proceedings. APCO and Plaintiff have a pending civil suit in Wayne County Circuit Court, Case No. 22-011876, which was stayed pending the outcome of this case. (*Id.* at PageID.350.) Further, Plaintiff was facing a criminal suit in Wayne County Circuit Court "arising from the loss on the Property" that was dismissed on April 28, 2023. (*Id.*; *see also* ECF No. 12, PageID.445–446.)

## II. Legal Standard

The Federal Rules of Civil Procedure allow for intervention of right and permissive intervention. Fed. R. Civ. P. 24. Because APCO is entitled to permissive intervention, the Court need not address intervention as of right. *Buck v. Gordon*, 959 F.3d 219, 223 (6th Cir. 2020).

For permissive intervention, Federal Rule of Civil Procedure 24(b) provides that the Court may allow intervention when the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see also United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005).

### III. Analysis

APCO argues that it is entitled to permissive intervention under Federal Rule of Civil Procedure Rule 24(b). Under Rule 24(b), the Court must first determine the timeliness of the motion to intervene and if there is at least one common question of law or fact. *Buck*, 959 F.3d at 223. Then, the Court must balance the risk of undue delay, prejudice to the parties, and other relevant factors. *Id.* (citing *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997)). The Court has broad discretion in making this determination. *Id.*

With respect to timeliness, courts have considered factors such as the progression of the case, the length of time an intervenor knew or reasonably should have known of its interest in the case, and prejudice to the original parties due to intervention. *See Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1228 (6th Cir. 1984). In this case, the motion to intervene was filed about a month after the parties filed a joint discovery plan and the Court entered a scheduling order. (ECF Nos. 5, 6.) Defendant does not argue that the motion to intervene was untimely. (ECF No. 12.) Further, there is no dispute that that APCO's intervention will not "unduly delay

4

or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

As to the requirement that the intervenor present a common question of law or fact, APCO states that it "possesses claims and defenses in line with Plaintiff, as recovery of insurance proceeds under the Policy." (ECF No. 7, PageID.351). Further, APCO argues that its interest in the case and its ownership of the property are sufficient to make this showing. (ECF No. 13, PageID.475.) However, Defendant contends that APCO has not demonstrated a shared question of law or fact because APCO has "no claim to assert against [Defendant]" and its intervention would be fruitless. (ECF No. 12, PageID.452.)

Defendant's argument that APCO "does not have a legal interest in this action" does not prevail at this stage of the litigation. Defendant argues that APCO has "no right to coverage under the Policy" because it is not a named insured. (*Id.* at PageID.449–450.) While APCO agrees that it is not a named insured like Plaintiff, the "Businessowner Enhanced Expansion Blanket Endorsement" amends the coverage of the insurance policy to "include as an additional insured any person(s) or organization(s) from whom you lease land or premises . . . ." (ECF No. 13,

5

PageID.470 (citing ECF No. 1-2, PageID.52, 71).) APCO, as the owner of the property, allegedly had a lease with Plaintiff, and thus may be an additional insured under the Policy. As a result, APCO may have an interest in this action.

Further, APCO has sufficiently presented a common question of law or fact. The common question of law is whether Defendant breached Plaintiff's insurance contract and is indebted to Plaintiff or to APCO. The same contract must be interpreted to make this determination. Additionally, APCO's position on the question would not be so similar to Plaintiff's that permissive intervention would be inappropriate. *See Kirsch v. Dean*, 733 F. App'x 268, 279 (6th Cir. 2018) (holding that a common question of law or fact is not necessarily found when the intervenor would "substantially mirror[s] the positions advanced by one of the parties"). There are additional portions of the contract that are relevant to APCO's claim, *i.e.*, the amendments to the coverage of the policy.

Because intervention was timely and would not unduly delay or prejudice the adjudication of the original parties' rights, and because

6

APCO sufficiently presented a common question of law and fact, all of the Rule 24(b) factors weigh in favor of permissive intervention.

## IV. Conclusion

For the reasons set forth above, the Court GRANTS APCO's motion to intervene. (ECF No. 7.)

IT IS SO ORDERED.

Dated: February 5, 2024          s/Judith E. Levy
Ann Arbor, Michigan           JUDITH E. LEVY
                                           United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 5, 2024.

                                                 s/William Barkholz
                                                 WILLIAM BARKHOLZ
                                                 Case Manager